UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MOLLY HELMICK, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 1:08-cv-269- SEB-JMS |
| vs. | ) | |
| | ) | |
| J.C. PENNY CORPORATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING PLAINTIFFS' MOTION TO REMAND
(Docket No. 9)

Plaintiffs filed this action in the Delaware Circuit Court on January 22, 2008, and Defendant received service on January 29, 2008. Thirty-one (31) days later, on February 29, 2008, Defendant removed the case to federal court. It is now before the Court on Plaintiffs' Motion to Remand.

Plaintiffs assert that this action is not properly in federal court because Defendant filed its Notice of Removal ("Notice") after the thirty (30) day limitation period established by 28 U.S.C. § 1446(b) had expired. Defendant admits that its Notice was untimely, but urges the Court to invoke the doctrine of equitable estoppel and find that the limitation period was tolled due to conduct on the part of the United States District Court Clerk's Office ("Clerk's Office") which prevented it from filing its Notice on time.

Defendant explains that it attempted to file its Notice on February 28, 2008 – significantly, the last day of the limitation period, but the Clerk's Office refused to accept it because: (1) it did not bear the proper signature of counsel as required by 28 U.S.C. § 1446(a) and Fed. R. Civ. P. 11; and

1

(2) was not accompanied by a Civil Cover Sheet.  Defendant complains that the Clerk's Office did not "provide the option of filing the [Notice] and subsequently correcting the incorrect signature" or the "option of hand writing the Civil Cover Sheet." [Affidavit of Meryl Ann Walls at ¶¶ 6 & 7.]

Assuming that the thirty (30) day limitation period established by 28 U.S.C. § 1446(b) is subject to equitable tolling, Defendant would be entitled to relief only if it was unable to remove the case within the statutory period due to extraordinary circumstances outside its control and through no fault of its own.  Roe v. O'Donohue, 38 F.3d 298, 302 (7th Cir. 1994) (assuming limitation period for removal is subject to equitable tolling) (abrogated on other grounds by Murphy Bros. Inc. V. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)); Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006); Farzana v. Ind. Dep't of Education, 473 F.3d 703, 705 - 706 (7th Cir. 2007).  The Seventh Circuit has held:

> [T]he doctrine [of equitable tolling] deals with situations in which timely filing is not possible despite diligent conduct.  Waiting until the last hours is not diligent; the errors that often accompany hurried action do not enable the bungling lawyer to grant himself extra time.

Farzana, 473 F.3d at 705 (citations omitted).  And:

> Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting the invocation of the doctrine of equitable tolling.  Indeed, permitting equitable tolling of a statute of limitation for every procedural or strategic mistake made by a litigant (or his attorney) would render such statutes of "no value at all to persons or institutions sued by people who don't have good or perhaps any lawyers."

Arrieta, 461 F.3d at 867 (citations omitted).   The Court finds that Defendant's failure to timely file its Notice is attributable to Defendant's lack of diligence and/or unfamiliarity with proper legal procedures -- not the Clerk's Office.

The Court has made inquiry of the personnel in the Clerk's Office, and none of them recalls

the incident described by Defendant. While Defendant might argue that the deputy clerk with whom its agent dealt has either forgotten or would be motivated to protect himself or herself,[1] the Court has every confidence in the integrity, competency, and professionalism of the Clerk's Office.

It is the written policy and regular procedure of the Clerk's Office <u>not</u> to reject anything tendered to the Court. When a deputy clerk has a question about whether a document should be "filed," the deputy clerk is directed to consult with his or her supervisors. If doubt remains regarding whether a document should be "filed," the deputy clerk is to accept the document and mark it as "received" pending a judicial determination as to the document's status. In addition, the Clerk's Office regularly provides litigants with blank copies of the Civil Cover Sheet, and a review of the Court's docket reflects that Civil Cover Sheets are frequently hand written.

This judge has no reason to doubt that the employees of the Clerk's Office act in accordance with these written policies and regular procedures and did so in their dealings with Defendant's agent here. Consequently, the Court regards it as improbable that the Clerk's Office flatly refused to accept the improperly signed Notice as Defendant has alleged per the Affidavit of Meryl Ann Walls.[2] The more likely scenario is that when the Clerk's Office alerted Ms. Walls to the signature problem and lack of Civil Cover Sheet, Ms. Walls decided to take the Notice back to defense counsel, have the signature problem corrected, and return to file a corrected Notice and Civil Cover

---

[1]     In her Affidavit, Meryl Ann Walls does not identify the person with whom she dealt with any particularity. In fact, she does not even identify the gender of that person, describing the person in completely generic terms, such as: "said Clerk;" "the employee of the Clerk's Office;" and "the individual."

[2]     Notably, the Affidavit of Meryl Ann Walls electronically filed with the Court on April 16, 2008, at 2:48 p.m. was <u>not signed</u> by her. [Docket No. 12, part 1.] Apparently realizing this omission, Defendant electronically refiled that Affidavit with signature later that same day at 3:27 p.m. [Docket No. 13, part 1.]

Sheet another day. Ms. Walls, who is described in her affidavit as a "clerk" employed by the office of defense counsel, in all likelihood lacked knowledge that the limitation period was about to expire and sought under the circumstances to act reasonably.

In any event, after Defendant had been made aware of the signature problem, its counsel did not immediately correct the problem and return promptly to the Clerk's Office that same day. Instead, its counsel did not return to the Clerk's Office to file the corrected document until approximately noon the following day.[3] Counsel's failure to act expeditiously to correct the signature problem before the limitation period expired is inconsistent with notions of diligence, and counsel has made no attempt to explain this failure.

Similarly, Defendant has made no attempt to explain why, if it knew the limitations period had expired on February 28, 2008, its counsel did not, upon returning to the Clerk's Office with the corrected filing on February 29, 2008, file an accompanying motion: (1) alerting the Court to the problems allegedly encountered in the Clerk's Office the previous day; and (2) asking the Court to accept its belated Notice for the reasons now asserted. Instead, Defendant waited until after Plaintiffs filed their Motion to Remand to bring the alleged problems encountered in the Clerk's Office to the Court's attention. This defensive, rather than offensive, strategy is also inconsistent with notions of diligence.

Moreover, the Court finds that the lack of a proper signature on the document was attributable to attorney neglect, oversight, or ignorance of proper legal procedure, not to some extraordinary circumstance beyond the control of Defendant or its counsel. While the Clerk's Office

---

[3] Defendant's corrected Notice of Removal was file marked on February 29, 2008, at 12:12 p.m. [Docket No. 1.]

may have alerted Defendant to the signature problem, the Clerk's Office did not cause that problem. And, by waiting to take its Notice to the Clerk's Office until the last day of the limitation period, Defendant neglected to allow itself a reasonable cushion of time within which to cure any problems. Again, this circumstance was created by Defendant and/or its counsel, not the Clerk's Office.

Finally, while the time limitation imposed by 28 U.S.C. § 1446(b) is not jurisdictional, it is a "strictly applied rule of procedure," and defects in removal procedures may only be cured within the statutory time period, unless they are waived. Macri v. M&M Contractors, Inc., 897 F. Supp. 381, 384 (N.D. Ind. 1995) (citing Northern Illinois Gas Co. v. Airco, Inc., 676 F.2d 270, 273 (7th Cir. 1982) and Rothner v. City of Chicago, 879 F.2d 1402, 1412, n. 10 (7th Cir. 1989)). Consequently, even if the Clerk's Office had file stamped the Notice that Defendant delivered on February 28, 2008, that file stamp would have been irrelevant because, without the signature of counsel required by 28 U.S.C. § 1446(a), the Notice remained procedurally defective and subject to remand under 28 U.S.C. § 1447(c).

The situation presented here is similar to one encountered by the Northern District of Indiana. In Macri v. M&M Contractors, Inc., 897 F. Supp. 381 (N.D. Ind. 1995), the defendants filed their Notice of Removal without a proper signature as required by 28 U.S.C. § 1446(a). When the plaintiff moved for a remand, defense counsel tried to cure the problem by filing a separate document verifying his signature on the previously filed removal notice. The Northern District rejected defense counsel's after-the-fact attempt to cure the problem. It found that the lack of a proper signature on the removal notice was a procedural defect that could not be cured after the limitation period had expired (notwithstanding the fact the Notice apparently had been accepted and filed by the Clerk of the Northern District of Indiana), and absent the plaintiff's waiver of that defect

5

(which the plaintiff did not waive), the plaintiff was entitled to a remand.  Id. at 384 - 386.

The Court concludes that the result would be no different here.  Even if the Clerk's Office had file stamped the Notice that Defendant brought to it on February 28, 2008, that Notice would not have complied with the procedural requirements of 28 U.S.C. § 1446(a).  And, even if Defendant had returned to the Clerk's Office to attempt to cure the signature problem on February 29, 2008, that attempted cure would have been too late under 28 U.S.C. § 1446(b), given Plaintiffs' Motion to Remand.

For the above stated reasons, the Court finds that Plaintiff's Motion to Remand is meritorious and it is GRANTED.  This case is hereby REMANDED to the Delaware Circuit Court No. 2.  In accord with 28 U.S.C. § 1447(c), the Clerk's Office shall mail a certified copy of this remand order to the Clerk of the Delaware Circuit Court No. 2.  Defendant shall pay the just costs and actual expenses, including attorneys' fees, incurred by Plaintiff as a result of this attempted removal.

IT IS SO ORDERED.

Date: 05/13/2008

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

P. Gregory Cross
THE CROSS LAW FIRM
pgcross@thecrosslawfirm.com

Mark Conrad Sherer
KOPKA, PINKUS, DOLIN, & EADS, P.C.
mcsherer@kopkalaw.com